Municipal Credit Union v Harris (2025 NY Slip Op 51284(U))

[*1]

Municipal Credit Union v Harris

2025 NY Slip Op 51284(U)

Decided on August 15, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 15, 2025
Civil Court of the City of New York, New York County

Municipal Credit Union, Plaintiff(s)

against
Audra Harris, Defendant(s)

Index No. CV-010254-23/NY

Stern & Stern, P.C. (Jun Francis L. Santos and Nancy Wasserstein, of counsel) of Bellmore, NY, for plaintiff
Audra Harris, self-represented defendant

Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Answering Affidavits/ Affirmations 2
Reply Affidavits/ Affirmations
Memoranda of Law
Other
Upon the foregoing cited papers, the Decision/Order on the motion is as follows:
Defendant's motion is granted, the default judgment in this action and all enforcement thereof are vacated, and this action is restored to the calendar for conference in the manner and for the reasons set forth below.
Plaintiff is correct that defendant's offer to settle this action es evidenced by email correspondence offered in opposition does preclude vacatur pursuant to CPLR 5015(a)(4). See, U.S. Equities v. Bartolini, 82 Misc 3d 128(A), *2 (App. Term, 2d Dept. 2024) (offer to settle waives service-based jurisdictional defense); and Esgro Capital Mgt. LLC v. Banks, 84 Misc 3d 1266(A), *8 (Civ. Ct., New York Co. Jan. 21, 2025) (discussing and distinguishing Bartolini). However, that does not end the issue though, as CPLR 317 permits "[a] person served with a summons other than by personal delivery upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense," if they seek vacatur "within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry," Even accepting plaintiff's alleged service as true and complete for purposes of this decision, plaintiff alleges that they served defendant by (albeit authorized) alternative service. That this motion is timely for CPLR 317 purposes is beyond dispute.
Turning to the merits then, the Court otherwise notes the strong public of the State favoring resolution of claims on their merits whenever practicable, and the necessarily unexacting standard in considering a potential defense. See, 1755 Jarvis LLC v. Felix, 80 Misc 3d 132(A), *1 (App. Term, 1st Dept. 2023). Here, defendant has offered a proposed answer [*2]contesting whether they are responsible for the alleged debt at issued and asserting that defendant is "the victim of identity theft or mistaken identity." (Proposed Answer, ¶¶ 4-5). For the limited purposes of restoring this action to the calendar for litigation on the merits, defendant has met their burden. The Court notes, of course, that this decision is without prejudice to plaintiff seeking summary judgment after discovery or prevailing at trial. But, defendant has made the limited showing necessary to be heard further.
In order to facilitate prompt litigation of this action, the Court is also ordering reciprocal discovery to be produced before the parties' next appearance.
Accordingly, it is
ORDERED that the instant motion is granted; and it is further
ORDERED that the default judgment in this action and all enforcement thereof are vacated; and it is further
ORDERED that defendant's proposed answer is deemed served and filed timely nunc pro tunc; and it is further
ORDERED that this action is restored to the calendar for conference on October 15, 2025 at 9:30 a.m.; and it is further
ORDERED that, on or before October 1, 2025, plaintiff produce to defendant (to the extent not already produced in opposition to this motion) copies of all books and records related to defendant's account, including copies of all credit agreements and all statements of account showing any charges and payments made; and it is further
ORDERED that, on or before October 1, 2025, defendant produce to plaintiff (to the extent not already produced as part of their motion papers) copies of all records in defendant's case, custody, or control and relating to defendant's defenses as asserted in their answer.
This constitutes the Decision and Order of the Court.
Date: August 15, 2025
Jeffrey S. Zellan, J.C.C.